CITED in *State* v. *Wyckoff*, 2 *Vr.* 67.

---

THE STATE (JOHN M. KAIGHN and Others, Prosecutors), *vs.* SAMUEL A. REEVES, COLLECTOR OF THE TOWNSHIP OF NEWTON.

1. An incorporated school district cannot be annexed to an unincorporated district or altered by the town superintendent alone. Notice, at least, of such intended alteration must be given to the trustees of the district to be affected, and an opportunity given them to act in conjunction with the superintendent.

2. The town superintendent, in conjunction with the trustees of an incorporated district, has no jurisdiction over the territorial limits of an unincorporated district. A tax purporting to be raised by the inhabitants of two districts meeting in common is void upon the inhabitants of both districts.

Argued before Justices VREDENBURGH and WHELPLEY.

*Dudley* and *Dayton*, for plaintiff.

*Peter L. Voorhees* and *Browning*, for defendants.

The opinion of the court was delivered by

VREDENBURGH, J.  This is a *certiorari* bringing up an assessment of a tax, raised in 1859, for school purposes, by the authorities of School District No. 5.

It appears that No. 5 was incorporated under the school law in 1855, and included a certain defined territory; that at a meeting of the inhabitants of this district, on the 5th of April, 1858, it was ordered that the boundaries of No. 5 should be so altered as to include all the territory of District No. 7; that No. 7 had been set off into a separate district by the town superintendent before April, 1858.

The tax in question was voted and raised by a meeeting under a notice calling for a meeting of the inhabitants of the district included within No. 5, as altered.  The question is, had the inhabitants of the territory thus united the legal power to raise this tax.

This presents two questions—first, had they the power to lay this tax on the territory of No. 7?  Secondly, had they the power to lay it on the original territory of No. 5?

The 1st point will depend upon the question, whether the annexation was effectual.

This cannot be so unless the town superintendent could legally annex No. 7 to No. 5.  No. 7 was not incorporated. The statute (*Nix. Dig.* 734, § 5,) prescribes how an unincorporated district may be altered.  It provides that the town superintendent shall divide the respective townships into districts, with power to change and alter them as circumstances may require.  The 17th section of the same act provides that, in the alteration of a district, the trustees of the district to be affected may apply to the township committee to be associated with the superintendent, and their action shall be final.  The result of this legislation is that, until the trustees are appointed, the town superin-

2 x*

tendent has full and exclusive power to make and alter the districts; but that, after the trustees are appointed, (which was the case here) then the trustees of the affected district are to constitute, with him, a joint board. The power of the superintendent alone is gone; he cannot, except as one of a joint tribunal, make an alteration. The alteration must be either the action of the whole board, or, to say the least of it, the power of the superintendent to act alone can only arise after notice given to the trustees, and an opportunity given them to participate in the action. In my opinion, the only legal tribunal to alter an unincorporated district is a board consisting of the superintendent and the trustees of the district to be affected thereby.

This being so, and it appearing that the trustees of No. 7 had no notice of a participation in its alteration, or even in the alteration of No. 5, No. 7 must still be a legally constituted district. Neither the vote of No. 5, as originally constituted, nor the action of its trustees, nor of the superintendent in conjunction with them, can alter No. 7, or annex its territory or inhabitants to No. 5.

The mode of altering a district, whether incorporated or not, is the same, except that an incoporated district cannot be altered without, also, the consent of a majority of the inhabitants. It has this additional guard against alteration, and this is the only difference between an incorporated and an unincorporated district, so far as regards their alteration. To alter either can only be done by the authority of a tribunal of which the trustees of the district to be altered are a constituent part. In this case the annexation was sought to be made without any notice to the inhabitants or trustees of No. 7, and without any participation by them therein. A formal act, therefore, of the inhabitants of No. 5, or of the superintendent alone or in conjunction with its trustees altering No. 7, would be entirely *coram non judice* and void.

But here No. 7 is attempted to be annexed to No. 5,

not by the action of the people of No. 7, or of its trustees, or of its trustees acting with the superintendent, but by the inhabitants of No. 5, in conjunction with its trustees and the superintendent. Now, although supposing that under the statute the superintendent alone could, without the trustees of No. 7, and without notice to them, alter an unincorporated district, yet here the superintendent did not undertake alone to alter No. 7, but he undertakes to do it sitting as a part of a tribunal consisting of himself and the trustees of No. 5, which tribunal, as so constituted, certainly could have no jurisdiction over No. 7. District No. 5, therefore, now consists of the same territory as it did originally, and the tax attempted to be raised by it upon people out of its corporate bounds must be consequently void.

Secondly As regards the tax on the territory within the original limits of No. 5, it is equally void. The certificate required by the statute (*Nix. Dig.* 739) states that the tax in question was voted by the inhabitants of the whole territory after the annexation of No. 7. This is a case, therefore, of a tax voted on the territory and people of No. 5 by the people of No. 7, which is equally without authority as a vote by No. 5 to raise a tax of No. 7.

The tax, therefore, upon both No. 5 and No. 7 is raised by those having no authority, and is declared void as against the prosecutor.